IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOTO, et al.,<br><br>           Plaintiffs,<br><br>      v.<br><br>BEHOT, et al.,<br><br>           Defendants. | Civil Action<br>No. 98-2574 (AET)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THOMPSON, District Judge:**

The Court is in receipt of a letter from Plaintiff Maritza Soto, a convicted and sentenced state prisoner at Edna Mahan Correctional Facility ("EMCF"), dated May 27, 2015. (Docket Entry 6).

1.   This action was voluntarily dismissed by Plaintiffs on December 28, 1998. (Docket Entry 4).

2.   No documents were received by this Court from Plaintiff until the submission of her letter dated May 27, 2015. (Docket Entry 6).

3.   Plaintiff's letter appears to challenge a sentence imposed by the State of New Jersey.

4.   Challenges to state sentences and convictions may only be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

5.   The Court interprets Plaintiff's letter as an attempt to file a petition for writ of habeas corpus pursuant § 2254.

6.   The Clerk of the Court shall be directed to open a new § 2254 matter, assigning a new docket number, naming Maritza Soto as the Petitioner. The letter, entered in this matter as Docket Entry 6, shall be entered as the first entry under that new number.

7.   Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Plaintiff did not use the habeas form supplied by the Clerk for section 2254 petitioners, *i.e.*, AO241 (modified).

8.   Plaintiff also did not submit the $5.00 filing fee or an application to proceed *in forma pauperis*.

9.   The Clerk of the Court shall be directed to provide Plaintiff with a blank AO241 (modified) form and a blank application to proceed *in forma pauperis*.

10.  Should Plaintiff wish to pursue her habeas petition before this Court, she shall return the § 2254 form and either the filing fee or *in forma pauperis* application to the Clerk of the Court for filing under the **new** docket number.

2

11.  Plaintiff is advised that under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d). Absent extremely limited circumstances and the prior approval of the United States Court of Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed. *See* 28 U.S.C. § 2244 (b).

12.  This one all-inclusive § 2254 Petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules. *See* 28 U.S.C. § 2254 Rule 2(c) & (d).

13.  The district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence

3

of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See Henderson v. Frank*, 155 F. 3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all three levels of New Jersey courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

14.  A copy of this Memorandum Opinion and Order shall be filed in the instant matter with a notation reading FOR INFORMATIONAL PURPOSES ONLY. This Memorandum Opinion and Order shall then be filed under the new docket number.

THEREFORE IT IS this **16th** day of **July**, 2015**,**

**ORDERED** that the Clerk of the Court shall open a new docket number for proceedings pursuant to 28 U.S.C. § 2554 naming Maritza Soto as the Petitioner and EMCF Administrator Valerie Arthur as Respondent, and enter Plaintiff's letter, Docket Entry 6, as the first entry, followed by this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate the new case, without filing the petition or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of

4

limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Plaintiff a blank *in forma pauperis* application for habeas cases, DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that the Clerk of the Court shall forward to Plaintiff a blank habeas petition form – AO241 (modified): DNJ-Habeas-008 (Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Plaintiff's claims are or are not duly exhausted; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, she shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building and U.S. Courthouse, 402

East State Street, Trenton, New Jersey, 08608, within 45 days of the date of entry of this Order. Plaintiff's writing shall include a complete, signed habeas petition on the appropriate form, as well as either the $5.00 filing fee or completed *in forma pauperis* application; and it is further

    **ORDERED** that upon receipt of a writing from Plaintiff stating that she wishes to reopen this case, and a complete, signed petition accompanied by either the $5.00 filing fee or completed *in forma pauperis* application, the Clerk of Court will be directed to reopen this case; and it is further

    **ORDERED** that this Memorandum Opinion and Order shall be filed in a new docket entry under 3:98-cv-2574 (AET) with a notation reading "FOR INFORMATIONAL PURPOSES ONLY"; and it is finally

    **ORDERED** that the Clerk shall serve a copy of this Opinion and Order on Plaintiff by regular mail at the Edna Mahan Correctional Facility.


                            **/s/ Anne E. Thompson**
                            ANNE E. THOMPSON
                            U.S. District Judge